UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-1-10
```

CARL D. WELLS,

                Petitioner,

     - against -

MICHAEL HOURIHANE,
Warden, Anna M. Kross Center
Correctional Facility,

                Respondent.

09 Civ. 10309 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    The respondent moves to dismiss this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, which seeks to challenge the petitioner's conviction in New York State Supreme Court, Bronx County. The petitioner was convicted, pursuant to his guilty plea, of one count of operating a motor vehicle under the influence of drugs in violation of New York Vehicle and Traffic Law section 1192(4)(a). The petitioner was sentenced to six months' imprisonment. The petitioner has served that sentence, and is currently incarcerated pending prosecution for robbery in New York County.

    The respondent moves to dismiss the petition on the grounds that the petitioner has served his sentence on the conviction he challenges in this petition and is no longer in custody pursuant to that conviction. The respondent argues that because the petitioner is no longer in custody on the conviction he seeks to

vacate, the Court lacks subject-matter jurisdiction to hear this petition.

A person seeking a writ of habeas corpus must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). However, a petitioner may seek a writ of habeas corpus even if the sentence on the conviction the petitioner challenges has expired. To do so, "the petitioner must show some concrete and continuing injury other than the now-ended incarceration . . . some 'collateral consequence' of the conviction." Spencer v. Kemna, 523 U.S. 1, 1 (1998); see also Swaby v. Ashcroft, 357 F.3d 156, 160 (2d Cir. 2004); Cf. Young v. Vaughn, 83 F.3d 72, 78 (3d Cir. 1996) (holding that petitioner could challenge prior conviction where sentence he was serving was collateral result of prior conviction.).

At this stage, the Court cannot determine whether the petitioner in this case is suffering any collateral consequences of the Bronx County conviction he challenges in this petition. Therefore, the Court cannot determine that it is without jurisdiction to hear the petition. The motion to dismiss is therefore **denied without prejudice** to renewal. The respondent may raise any jurisdictional defense in response to the petition on the merits. The respondent's response to the petition is due by **August 30, 2010**.

The petitioner's reply is due by **September 30, 2010**.

SO ORDERED.

Dated:   New York, New York
         June 30, 2010

_____
John G. Koeltl
United States District Judge