```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
CARL D. WELLS,                          :    09 Civ. 10309 (JGK) (JCF)
                                        :
          Petitioner,                   :          REPORT AND
                                        :         RECOMMENDATION
     - against -                        :
                                        :
MICHAEL HOURIHANE, Warden,               :
Anna M. Kross Center Correctional       :
Facility,                               :
          Respondent.                   :
- - - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE JOHN G. KOELTL, U.S.D.J.:

Carl D. Wells brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on a plea of guilty in New York State Supreme Court, Bronx County for operating a motor vehicle under the influence of drugs or alcohol. The petitioner argues that he was deprived of his constitutional rights when the prosecutor failed to disclose purportedly exculpatory evidence prior to the plea. Because Mr. Wells no longer met the "in custody" requirement at the time that he commenced this proceeding, I recommend that the petition be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Background

On December 14, 2006, Mr. Wells was charged in a misdemeanor complaint with criminal possession of a controlled substance in the seventh degree, two counts of operating a motor vehicle while under

1

the influence of alcohol, one count of operating a motor vehicle while under the influence of drugs, and violations of the New York Vehicle and Traffic Law ("VTL").  (Decision and Order dated Dec. 9, 2008 ("440.10 Decision"), attached as Exh. 5 to Declaration of Marc A. Sherman dated Sept. 24, 2010 ("Sherman Decl."), at 1).  The petitioner moved to suppress certain evidence, and a hearing was held before the Honorable Seth L. Marvin.  (440.10 Decision at 1).  On June 11, 2008, after Justice Marvin denied the motion, Mr. Wells pled guilty to Operating a Motor Vehicle Under the Influence of Drugs in violation of VTL § 1192(4).  (Sherman Decl., ¶ 3; Certificate of Disposition "Certificate of Disposition"), attached as Exh. 1 to Sherman Decl.; 440.10 Decision at 1).  He was immediately sentenced to an agreed upon term of imprisonment of six months.  (Certificate of Disposition; 440.10 Decision at 1).

    The petitioner filed a timely notice of appeal and was granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  (Sherman Decl., ¶ 4).  However, he never perfected his appeal.  (Sherman Decl., ¶ 5).  Instead, on September 13, 2008, he filed a motion in Bronx Supreme Court pursuant to section 440.10(1)(g) of the New York Criminal Procedure Law to vacate the judgment of conviction, alleging that a "deferring prosecution form" from a related case against him in New York County had been improperly withheld from him at the time that he pled guilty in the Bronx case.  (Sherman Decl., ¶ 6; Notice

of Motion to Vacate Judgment and Affidavit of Carl D. Wells dated Sept. 13, 2008, attached as Exh. 2 to Sherman Decl.; Affirmation of Meredith Holtzman dated Dec. 4, 2008, attached as Exh. 3 to Sherman Decl.; Affirmation of Carl D. Wells dated Dec. 20 [sic], 2008, attached as Exh. 4 to Sherman Decl.).  On December 9, 2008, Justice Marvin denied the motion, finding that the form was not material to the Bronx case, as it would not have altered his determination denying Mr. Wells' suppression motion.  (440.10 Decision at 2).  Leave to appeal this decision was denied first by the Appellate Division, First Department, and then by the New York Court of Appeals.  (Certificate Denying Leave dated April 14, 2009, attached as Exh. 6 to Sherman Decl., Certificate Dismissing Application dated May 29, 2009, attached as Exh. 7 to Sherman Decl.).

In the meantime, Mr. Wells served the sentence imposed on him pursuant to the Bronx conviction.  Since he was sentenced to six months imprisonment on June 11, 2008, the maximum expiration date of that sentence was December 11, 2008.  (Certificate of Disposition).[1]  However, as of May 13, 2009, the petitioner was in custody in connection with charges pending in New York County.  (Sherman Decl., ¶ 9; Inmate Lookup Service ("lookup Service"),

---

[1] The respondent indicates that the maximum expiration date was October 11, 2008.  (Memorandum of Law at 2).  This calculation is apparently erroneous, but has no impact on the analysis here.

3

attached as Exh. 8 to Sherman Decl.).

Mr. Wells signed the instant petition on October 9, 2009, and it was received in this Court on October 14, 2009. At that time, he was incarcerated. (Lookup Service). He raises essentially the same claims here that he asserted in his section 440.10 motion in state court.

On March 30, 2010, the respondent moved to dismiss the petition on the ground that Mr. Wells failed to meet the in custody requirement. The motion was denied without prejudice to raising the same argument once the respondent answered the petition. (Memorandum Opinion and Order dated June 30, 2010). Accordingly, the respondent now renews the motion to dismiss and also contests the petition on the merits.

Discussion

Federal court jurisdiction attaches to a habeas corpus petition filed "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). A petitioner whose sentence has expired is no longer

4

considered in custody and therefore can no longer bring a habeas petition.  See Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401-02 (2001) ([The petitioner] is no longer serving the sentences imposed pursuant to his [earlier] convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.").  Marshall v. New York, No. 08 CV 3882, 2009 WL 936140, at *1 (E.D.N.Y. April 7, 2009); Grant v. Keysor, No. 07 Civ. 9656, 2008 WL 5501207, at *3 (S.D.N.Y. Sept. 5, 2008).

Custody is not limited to actual physical confinement.  But it must involve a significant restraint on liberty such as post-release supervision that carries with it the possibility of revocation and additional incarceration.  See Jones v. Cunningham, 371 U.S. 236, 243 (1963); Earley v. Murray, 451 F.3d 71, 75 (2d Cir. 2006); Eiseman v. Herbert, 401 F.3d 102, 105 n. 1 (2d Cir. 2005); Grant, 2008 WL 5501207, at *2; Davis v. Nassau County, 524 F. Supp. 2d 182, 187 (E.D.N.Y. 2007); Chattley v. Benson, No. 05-CV-6742, 2007 WL 4377686, at *2 (W.D.N.Y. Dec. 12, 2007).  Less substantial disabilities that flow from a conviction, generally characterized as "collateral consequences," may prevent a properly filed petition from becoming moot when an inmate's sentence expires, but they are not sufficient in themselves to meet the "in custody" requirement that must be satisfied at the time the petition is filed.  See Maleng, 490 U.S. at 491-92; Carafas v.

5

LaVallee, 391 U.S. 234, 237-38 (1968); Marshall, 2009 WL 936140, at *2; Grant, 2008 WL 5501207, at *2-3; Chattley, 2007 WL 4377686, at *2.

Application of these principles to the instant case leads inexorably to the conclusion that Mr. Wells was not in custody when the time he filed his petition. It is undisputed that he had already completed his term of imprisonment for the conviction under attack, and his sentence did not include any period of parole or other post-release supervision. The fact that his unperfected appeal was pending when he commenced this proceeding is immaterial. It is likewise of no consequence that he was then, and continues to be, jailed in connection with other charges. Finally, he has not suggested that he suffers any collateral consequences as a result of the challenged conviction and, even if he did, that would not be enough to satisfy the "in custody" requirement. Accordingly, this Court lacks jurisdiction over the petition.

Conclusion

For the reasons set forth above, the petition should be dismissed for lack of jurisdiction. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of

Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable John G. Koeltl, Room 1030, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         January 11, 2011

Copies mailed this date to:

Carl D. Wells
895-070-1214
AMKC
18-18 Hazen Street
East Elmhurst, New York  11370

Marc A. Sherman, Esq.
Nancy D. Killian, Esq.
Assistant District Attorney
198 East 161st Street
Bronx, New York  10451